**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 1:14-42** |
| | : | |
| **JAHMALL AUGUSTINE** | : | |

## <u>ORDER</u>

**AND NOW**, this 27th day of March 2026, following our March 10, 2026 Order (ECF 107) granting the United States and Defendant leave to show cause as to why we should not deny certain pending Motions, noting the United States' fulsome Response including its representation Defendant is now discharged from custody and supervision (ECF 111), absent a timely response, and for good cause given no timely objections to Judge Cannon's November 21, 2018 Report and Recommendation (ECF 97), it is **ORDERED** we:

1.    **APPROVE** and **ADOPT** Judge Cannon's well-reasoned and comprehensive November 21, 2018 Report and Recommendation (ECF 97);

2.    **DENY** Defendant's Motion to vacate his sentence under 28 U.S.C. § 2255 (ECF 65) consistent with Judge Cannon's Report and Recommendation (ECF 97) absent timely objections;

3.    **FIND** no basis for a certificate of appealability or evidentiary hearing on our denial of Defendant's Motion to vacate his sentence (ECF 65);[1]

4.    **DENY** the United States' unopposed Motion to dismiss Defendant's Motion to vacate his sentence (ECF 85) as moot;

5.    **LIFT** the seal on three filings as part of the United States' Motion (ECF 85, ECF 85-1, and 85-9) on its consent (ECF 111); and,

6.    **DIRECT** the Clerk of Court **close** this case.

_____
**KEARNEY, J.**

---

[1] We decline to issue a certificate of appealability. Congress in 28 U.S.C. § 2253 provides "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). We may issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner meets this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists could not disagree with our resolution of Mr. Bully's claims in his first habeas petition fully addressed by Judge Cannon.

We decline to hold an evidentiary hearing. Congress in 28 U.S.C. § 2255(b) requires us to hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief[.]" *United States v. Scripps*, 961 F.3d 626, 631–32 (3d Cir. 2020) (quoting *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (quoting 28 U.S.C. § 2255) (emphasis in original)).